UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANTOINE M. MOSBY, )<br>)<br>Defendant. ) | No. 4:25-CR-00123 CWS |

## GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are defendant, ANTOINE M. MOSBY, represented by defense counsel, Kayla Williams, and the United States of America, represented by the Office of the United States Attorney for the Eastern District of Missouri (hereinafter: USAO). This agreement does not, and is not intended to, bind any governmental office or agency other than the USAO. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for defendant's voluntary pleas of guilty to possession with intent to distribute cocaine base on September 1, 2022 under count 1 and possession with intent to distribute fentanyl on September 1, 2022 under count 2, the USAO agrees that no further federal prosecution will be brought in this District relative to the defendant's involvement in possession and distribution of fentanyl and cocaine base in July to September of 2022, of which the USAO is aware at this time.

The parties also agree that the U. S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a).

**3. ELEMENTS:**

    **a.**   **Count 1:**   As to Count 1, the defendant admits to knowingly violating 21 U.S.C. §841(a)(1), and admits there is a factual basis for the plea, and further fully understands that the elements of the crime are the following:

    (i.)   On September 1, 2022, the defendant knowingly and intentionally possessed cocaine base, a scheduled controlled substance; and

    (ii.)   The defendant possessed the cocaine base with intent to distribute that cocaine base to another person or persons.

    **a.**   **Count 2:**   As to Count 2, the defendant admits to knowingly violating 21 U.S.C. §841(a)(1), and admits there is a factual basis for the plea, and further fully understands that the elements of the crime are the following:

    (i.)   On September 1, 2022, the defendant knowingly and intentionally possessed fentanyl, a scheduled controlled substance; and

    (ii.)   The defendant possessed the fentanyl with intent to distribute that cocaine base to another person or persons.

### 4. FACTS:

The USAO and the defendant agree that the facts in this case are as follows, that these facts are true and correct, and that the USAO would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to U.S.S.G §1B1.3:

On July 16 or 17, 2022, S.A. passed away from a fentanyl overdose at her residence in St. Charles County. Drug Enforcement Administration (DEA) investigators became involved, and their investigation led them to the defendant Antoine M. Mosby.[1]

On September 1, 2022, DEA personnel arrested the defendant at his residence on Dianthus Lane in Jennings, Missouri. During a consensual search of the residence, investigators located an interior video surveillance system. Investigators were able to find and view footage of the living room on September 1, 2022 between 5:05 and 5:15 PM that showed the defendant packaging controlled substances that he intended to sell or distribute to other people into baggies on a table in that room. While packaging the drugs, the defendant walked over to the fireplace mantle several times. Subsequently, investigators located and seized what later DEA laboratory analysis determined to be 4.6 grams of cocaine base and 2.392 grams of fentanyl in baggies hidden in decorative containers on that fireplace mantel that the defendant possessed and intended to distribute to other people.

### 5. STATUTORY PENALTIES:

**Counts 1 and 2)** The defendant fully understands that the maximum possible penalty provided by law for counts 1 and 2 which the defendant is pleading guilty to is imprisonment of

---

[1] Based on the evidence gathered throughout the investigation from July 2022 to the present, the USAO cannot establish by a preponderance of the evidence at any sentencing hearing that the defendant provided S.A. the fentanyl that caused her death.

3

not more than twenty (20) years, a fine of not more than $1,000,000, or both such imprisonment and fine for each count. The Court shall also impose a period of supervised release of at least three years for each count.

**6. U.S. SENTENCING GUIDELINES: 2025 MANUAL.**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply:

**a. Chapter 2 Offense Conduct:**

**(i.)** **Drug Quantity:** The parties agree and recommend that the quantity of controlled substances for which defendant is accountable, including relevant conduct, is as follows:

**(A.) Cocaine Base:** The defendant is accountable for 4.6 grams of cocaine base and when converted at a ratio of 3.571 kilograms of Converted Drug Weight (CDW) to 1 gram of cocaine base pursuant to U.S.S.G §2D1.1 Application Note 8(D) equals 16.436 kilograms of CDW.

**(B.) Fentanyl:** The defendant is accountable for 2.964 grams of fentanyl and when converted at a ratio of 2.5 kilograms of CDW to 1 gram of fentanyl pursuant to U.S.S.G §2D1.1 Application Note 8(D) equals 5.98 kilograms of CDW.

**(C.) Total:** Pursuant to U.S.S.G §2D1.1 Application Note 7, the aggregate weight of CDW is 22.416 kilograms, which is 20 kilograms or

more but less than 40 kilograms of CDW, resulting in a base offense level of 16 pursuant to U.S.S.G §2D1.1(c)(12).

**(iii.) Chapter 2 Specific Offense Characteristics**: The parties recommend that the following Specific Offense Characteristics may apply: None.

**b. Chapter 3 Adjustments**: The parties are unaware of any applicable Chapter 3 Adjustments, other than acceptance of responsibility.

**(i.) Acceptance of Responsibility**: The parties recommend that 3 levels should be deducted pursuant to U.S.S.G §3E1.1(a), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the USAO of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the USAO receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the USAO may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to U.S.S.G §3E1.1, without violating the plea agreement.

**c. Other Adjustments and Disputed Adjustments:** None.

**d. Estimated Total Offense Level:** Based on the above calculations, the parties estimate the Total Offense Level will be 13. However, these estimations are conditioned upon defendant not being deemed a Career Offender. Depending on the underlying offense and defendant's criminal history, defendant could be a Career Offender pursuant to §4B1.1. If the Court finds defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender.

**e. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**f. Effect of the Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(i.) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, and the guilty plea.

**(ii.) Sentencing Issues:** The parties agree to waive the right to appeal all sentencing issues, provided that the Court sentences the defendant within the negotiated sentencing guideline range herein. Otherwise, the adversely affected party—the defendant if the sentence is higher, or the Government if the sentence is lower—reserves the right to appeal only sentencing

6

issues related to: (1) application of Sentencing Guidelines offense-level adjustments (including those based on criminal history) not specifically set forth in the plea agreement or the non-application of adjustments specifically set forth in the agreement; (2) calculation of the defendant's criminal history category; or (3) substantive reasonableness.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the USAO.

**b. Civil or Administrative Actions Not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime

defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 2013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution, and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest

8

the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The also defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against of the assets described herein. Defendant understands that pursuant to 18 U.S.C. § 983, notice is required for an administrative forfeiture proceeding. Defendant hereby knowingly and voluntarily waives any rights to such notice being sent within the time frames in 18 U.S.C. § 983, and further agrees the property may be retained for forfeiture and not returned to Defendant, regardless if notice is sent within the prescribed time frames. Defendant voluntarily waives all constitutional, legal, and equitable claims arising out of and/or defenses to the forfeiture of this property in any proceeding, including any claim of innocent ownership and any claim or defense under the Eighth Amendment, including any claim of excessive fine. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to

require the USAO to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the USAO's evidence and discussed the USAO's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the USAO's case and any defenses.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the USAO, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or

coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The USAO may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**THIS PORTION OF PAGE LEFT INTENTIONALLY BLANK**

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the USAO agrees to dismiss or not to bring.

Date: November 3, 2025

/s/ John R. Mantovani
JOHN R. MANTOVANI, #50867MO
Assistant United States Attorney

11/19/25
Date

ANTOINE M. MOSBY
Defendant

11/19/25
Date

KAYLA WILLIAMS
Attorney for Defendant